UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMILE SAINT THOMPSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA, VENTURA COUNTY,<br><br>　　　　Respondent. | Case No. CV 16-9283 SJO(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

**I.　SUMMARY**

On December 2, 2016, Tremile Saint Thompson ("petitioner"), a state prisoner who is proceeding *pro se*, signed a Petition for Writ of Habeas Corpus ("Petition") which was formally filed on December 15, 2016.  Petitioner appears to challenge a sentence imposed on August 29, 2016 in Ventura County Superior Court Case No. 2016003933 and the November 29, 2016 rejection of his Proposition 57 Request in the same action.  The Petition consists of a six-page Petition Form, a one-page communication from the Ventura County Superior Court ("November Order") which appears after page 3 of the Petition Form, and a three-page motion for modification of sentence which appears after the November Order. It plainly appears from the face of the Petition that the Petition is wholly unexhausted as the Petition reflects that the California Supreme Court has not

resolved petitioner's claims. Accordingly, petitioner is not entitled to federal habeas relief on his claims at this time. As explained below, the Court dismisses this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## II. DISCUSSION

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[1] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 133 S. Ct. 424 (2012), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust issue *sua sponte* and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City & County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1991), cert. denied, 506 U.S. 1081 (1993).

Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

---

[1] A habeas petition "shall not be granted unless it appears that – [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1   In the present proceeding, the Petition affirmatively reflects that petitioner –
2 who was very recently sentenced on August 29, 2016 and even more recently had
3 his Proposition 57 Request rejected on November 29, 2016 – has not sought direct
4 review in the California Supreme Court, but assertedly has a challenge to his
5 sentence pending before the California Supreme Court.[2] (Petition Form at 5
6 [response to question 9]; Petition Form at 6 [response to questions 13(a)(4)-(5)]).
7 Accordingly, it plainly appears from the face of the Petition that petitioner cannot
8 meet his burden to demonstrate that he has exhausted his claims because they have
9 not been disposed of by the California Supreme Court.

10   Although it is clear that the California Supreme Court has not resolved
11 petitioner's claims, the exhaustion requirement may nonetheless be satisfied if
12 petitioner's claims are clearly procedurally barred under state law. See Castille v.
13 Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th
14 Cir. 1996). In this case, it is not at all "clear" that the California Supreme Court
15 would deem petitioner's claims procedurally barred under state law. See In re
16 Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy
17 in this state to collaterally attack a judgment of conviction which has been obtained
18 in violation of fundamental constitutional rights.") (citations omitted); People v.
19 Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental
20 constitutional rights have been violated may be raised by state habeas petition).
21 However, this Court expresses no opinion regarding whether consideration of
22 petitioner's claims might be foreclosed by the principles discussed in In Re Clark,
23 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the
24 matter in the first instance. Even if an applicable state procedural bar exists, the
25 California Supreme Court nevertheless might choose to reach the merits of

---

[2]The Court's search of the public dockets of the California Supreme Court – which are available at http://appellatecases.courtinfo.ca.gov, and of which this Court takes judicial notice, yield no indication that petitioner has sought any relief from such court.

petitioner's claims. See, e.g., Park v. California, 202 F.3d 1146, 1151-52 (9th Cir.), cert. denied, 531 U.S. 918 (2000).

Once, as in this case, a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because the Petition in this case is wholly unexhausted, dismissal thereof on this ground is appropriate.

### III. ORDER

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.

IT IS SO ORDERED.

DATED: December 28, 2016

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE